## Ryan v. Klages

*Robert W. Semenow,* for plaintiff.

*Harland I. Casteel* and *Campbell, Houck & Thomas,* for defendant.

KAUFMAN, J., March 7, 1956.—This case is before the court on a motion for judgment n. o. v. and a motion for new trial.

Plaintiff claims he is entitled to a new trial because the court admitted improper and incompetent evidence concerning the efforts of Clarence Reed to sell defendant's house.

Plaintiff says the testimony was improperly admitted and gave as his reason that defendant failed to aver as "new matter", an affirmative defense, that Clarence Reed, a justice of the peace, acted as a real estate broker and that it was his efforts that were the efficient procuring cause of the sale.

Under objection Mr. Reed testified, that on March 8, 1952, Mr. Klages, owner of the property, authorized him to act as agent for its sale and shortly thereafter he contacted Frank Gustine, the subsequent buyer.

Mr. Reed testified, still under objection, that Mr. Klages asked him to refrain from showing the inside of the house until two other parties had an opportunity to purchase it. However, Mr. Reed did testify that he took Mr. and Mrs. Gustine to the Klages property on March 10, 1952, so they could view the exterior.

The property was listed with Mr. Reed for $39,500.

Mr. Gustine told Reed that he would not spend over $35,000 for the property, and later Klages at Reed's office, said he would not accept less than $36,000 net, but subsequently Mr. Reed got him to agree to take $35,500 net. Mr. Gustine accepted the figure and Mr. Reed prepared the agreement of sale and a check for $3,500 hand money was given by Mr. Gustine to Mr. Klages.

On cross-examination Mr. Reed said he took no commission, even though the understanding at the time the property was listed for sale was that he would receive the standard commission.

Mr. Klages, the seller, over objection by defendant,

testified that he listed the property with Mr. Reed but told Mr. Reed that he could not bring prospective customers to inspect the house until after two of his neighbors declined to purchase it. Mr. Klages testified that Mr. Reed told him that Mr. Gustine was a prospective customer. He also testified that subsequently he talked to Mr. Cannoy, plaintiff's employe, who asked if he could have a chance to sell the house and was told that he could. It was further testified that it was on March 23rd that he, Cannoy, brought the Gustines to inspect the property, at which time he told Mr. Cannoy that the Gustines had been mentioned to him as a prospect by Mr. Reed and that he did not want to have "complications because of two real estate men showing the same prospective customer the house". Mr. Klages told Mr. Cannoy that he wanted to net $36,000 and he stayed with that price until Mr. Reed telephoned him that Mr. Gustine was willing to offer $35,500 and Mr. Reed said that he would forego his commission.

The foregoing is the substance of the alleged objectionable testimony and, as was said before, the reason why this testimony was objected to was because the matter of Mr. Reed's activities as a real estate broker in this sale was not pleaded by this defendant under the heading of "new matter".

It is noted that defendant's answer states in paragraph 5:

". . . Defendants further aver that prior to the time the said Elkin Cannoy came to the home of defendants as averred that the said Mr. and Mrs. Frank Gustine were contacted by a duly licensed real estate broker by the name of Clarence Reed with respect to the sale of defendants' premises . . ."

And paragraph 6 states in part:

". . . Defendants further aver that as a result of the efforts and procurement on the part of Clarence

Reed, a duly licensed real estate broker, as more fully recited in paragraph 5 hereof, Mr. and Mrs. Frank Gustine were brought to defendants, which resulted in the said Mr. and Mrs. Frank Gustine agreeing to pay defendants for said premises the net sum of $35,500.00."

Plaintiff certainly is in no position to plead surprise with respect to the testimony that Clarence Reed worked on this sale.

The nub of the objection is that the foregoing parts of paragraph 5 and 6 of the answer under rule 1030 should have been pleaded as "new matter" in order to make Mr. Reed's testimony competent.

Rule 1030 provides:

"Rule 1030. Affirmative Defenses.

"The defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations and waiver shall be pleaded in a responsive pleading under the heading 'New Matter'. Any other affirmative defense may be similarly pleaded."

Nothing in the language of this rule requires that the issue complained of by plaintiff shall be pleaded under the heading of new matter. The matter complained of by plaintiff is covered by the last sentence of said rule, which leaves it discretionary with defendant to plead the issue raised by plaintiff either in the answer or under the heading of new matter.

Goodrich-Amram, Civil Practice, section 1030-2, makes the following observation with respect to the intent and purpose of the language set forth in rule 1030 of the Rules of Civil Procedure:

"The second group, 'other affirmative defenses', need not be pleaded as new matter. *The pleader has the option of so pleading them, or of incorporating*

*them in the negative part of the answer along with the other negative defenses. If he elects to plead them as new matter, the form of the pleading will be identical with the first group. The plaintiff cannot move to strike the pleading in such cases, since the choice of the method of pleading is exclusively in the defendant."* (Italics supplied.)

Defendants elected in their answer to plead the issue raised by plaintiff in their answer, in compliance with the letter and spirit of said rule. If plaintiff determined prior to trial that defendants' pleading was defective and in violation of said rule, the same should have been raised by preliminary objections in accordance with the terms and provisions of rule 1017 of the Rules of Civil Procedure. Plaintiff's failure so to do constituted a waiver of any defects as provided in rule 1032.

"Rule 1032. Waiver of Defenses. Exceptions.

"A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply, except

"(1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and

"(2) that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall dismiss the action."

Moreover, plaintiff can not now complain about defendant introducing any evidence that Reed sold the property, when he himself opened this line of testimony

by calling Frank Gustine who testified that Reed was the agent he first saw in connection with the purchase of defendant's house.

Motions for new trial and judgment n. o. v. dismissed.

### Order

And now, to wit, this March 7, 1956, plaintiff's motions for judgment n. o. v. and for a new trial are refused.

Eo die exceptions noted to plaintiff and bill sealed.